UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| COMPANION PROPERTY & CASUALTY GROUP, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CV 03-B-0585-S ) |
| JOHNNY SALTERS, et al., | ) ) ) |
| Defendants. | ) |

ENTERED
SEP 13 2004

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion for Summary Judgment. (Doc. 20.)[1] Plaintiff Companion Property and Casualty Group has filed this action seeking a Declaratory Judgment regarding "what, if any, insurance coverage and/or other obligations are owed by Plaintiff . . . to the Defendants[2] for a lawsuit filed in Jefferson County as CV-02-4267." (Doc. 11 at 1.) Defendants have counter-claimed, seeking "a declaration that [the] policies [at issue] cover the underlying suit." (Docs. 12, 13.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that plaintiff's Motion for Summary Judgment, (doc. 20), is due to be granted.

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2]Plaintiff named as defendants Ricky Elvert Falls and his wife, Misty Melton Falls, plaintiffs in the underlying state-court action; Industrial Battery & Charger, Inc., Ricky Falls's employer and the named insured; and Johnny Salter and Lynn Byrd, Ricky Falls's supervisors and defendants in the underlying state-court action.

## I. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate when the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Once the moving party has met his burden, Rule 56(e) requires the non-moving party to go beyond the pleadings and show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and, therefore, evidence favoring the non-moving party is to be believed and all justifiable inferences are to be drawn in his favor. *See id.* at 255. Nevertheless, the non-moving party need not be given the benefit of every inference but only of every ***reasonable*** inference. *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

## II. STATEMENT OF FACTS

### A. INSURANCE POLICIES AT ISSUE

Plaintiff Companion Property issued two insurance policies to defendant Industrial Battery. The first policy is a commercial general liability policy [CGL policy], policy number PA00002097 06. (Doc. 21, Ex. 1 at 1.) The CGL policy provides coverage for "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." (*Id.* at 17.) The policy also states, "We [the insurer] will have the right and duty to defend the insured against any suit seeking damages [for bodily injury]. However, we will have no duty to defend the insured against any suit seeking damages for bodily injury . . . to which this insurance does not apply." (*Id.* (internal quotations omitted).)

Industrial Battery is the named insured. (*Id.* at 1.) The policy states, "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, [which is Industrial Battery,] and any other person or organization qualifying as a Named Insured under this policy." (*Id.* at 17.) In the section entitled "Who Is An Insured," the policy states:

1. If you are designated in the Declarations as:

   . . .

   d. An organization . . . , you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

3

    2. Each of the following is also an insured:

        a. Your employees, other than . . . your executive officers (if you are an organization . . . ), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these employees is an insured for :

        (1) Bodily injury or personal injury:

            (a) To you . . . or to a co-employee while that co-employee is either in the course of his or her employment or performing duties related to the conduct of your business;

            (b) To the spouse . . . of that co-employee as a consequence of paragraph (1)(a) above.

(*Id.* at 23 (internal quotations omitted).)

The CGL Policy also contains the following exclusions from coverage:

**2. Exclusions**

This insurance does ***not*** apply to:

. . .

**e. Employer's Liability**

Bodily injury to:

    (1) An employee of the insured arising out of and in the course of:

        (a) Employment by the insured; or

        (b) Performing duties related to the conduct of the insured's business; or

    (2) The spouse . . . of that employee as a consequence of paragraph (1) above.

4

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity . . . .

(Doc. 21, Ex. 1 at 17-18 (emphasis added and internal quotations omitted).)

The CGL policy insures Industrial Battery's employees, while acting "within the scope of their employment by [Industrial Battery] or while performing duties related to the conduct of [Industrial Battery] business." (*Id.* at 23.) However, the policy does not insure an employee for bodily injury to himself or to a co-employee, or spouse of a co-employee, which occurs "either in the course of his or her employment or performing duties related to the conduct of [Industrial Battery's] business." (*Id.* at 23.)

The second policy Companion Property issued was a Commercial Automobile policy [CA policy], policy number CA0005218 07. Industrial Battery is the named insured. (Doc. 21, Ex. 2 at 1.) Also, "[a]ny one else while using with [Industrial Battery's] permission a covered auto" is an insured." (*Id.* at 10 (internal quotations omitted).) The CA policy contains an exclusion, similar to the exclusion found in the CGL policy, for employees' injuries, which states:

**B. Exclusions**

This insurance does ***not*** apply to any of the following

. . .

**4. Employee Indemnification And Employer's Liability**

Bodily injury to:

5

>    a. An employee of the insured arising out of and in the course of:
>
>        (1) Employment by the insured; or
>
>        (2) Performing the duties related to the conduct of the insured's business; or
>
>    b. The spouse . . . of that employee as a consequence of Paragraph a. above.
>
> . . .
>
> **5. Fellow Employee**
>
> Bodily injury to any fellow employee of the insured arising out of and in the course of the fellow employee's employment or while performing duties related to the conduct of your business.

(*Id.* at 11 (internal quotations omitted).)

## B. UNDERLYING STATE-COURT LAWSUIT

On July 17, 2002, Ricky and Misty Falls filed a lawsuit in the Circuit Court of Jefferson County, Alabama, case number CV-02-4267 [hereinafter "the underlying lawsuit"]. In the underlying lawsuit, Mr. and Mrs. Falls named as defendants Johnny Salters and Lynn Byrd,[3] and they alleged that Salters and Byrd were responsible for injuries Ricky Falls had received and for Misty Falls's mental distress and loss of consortium resulting from Ricky's injuries.

In the underlying lawsuit, Mr. and Mrs. Falls alleged that, at the time of the accident,

---

[3]At the time of the accident, Salters was a Branch Manager for Industrial Battery,(doc. 21, Ex. 6 at 20-21), and Byrd was a Service Manager for Industrial Battery, (doc. 21, Ex. 5 at 28).

Ricky "was employed as a truck and/or delivery driver for a branch office of [Industrial Battery]," and that Salters and Byrd instructed Ricky "to operate and/or drive a 1992 Ford flatbed truck . . . that was owned, serviced, and or maintained by [Ricky's] employer [Industrial Battery]." (Doc. 21, Ex. 3 ¶¶ 6, 7.) They also alleged that Salters and Byrd, Industrial Battery employees, had actual knowledge that the truck did not have a gas cap for the fuel tank, and, despite their knowledge, Salters and Byrd, "as executive and/or supervisory employees, instructed and/or ordered [Ricky] to drive the [truck] without a gas cap during the ordinary line and scope of his employment with Industrial Battery . . . ." (*Id.* ¶ 8.) Ricky was injured when "the fuel tank ignited during a motor vehicle accident." (*Id.* ¶ 9.)

After the underlying lawsuit was filed, Salters, Byrd, and Mr. and Mrs. Falls sought coverage under the CGL and CA policies, contending that Salters and Byrd were insureds under the policies, and that the policies covered the claims asserted by Ricky Falls.

## III. DISCUSSION

The parties' dispute regarding whether the policies at issue provide coverage in the underlying lawsuit involves two issues: (1) whether Salter and Byrd are "insureds" under the terms of the policies, and (2) whether, under the facts, the claims of Ricky and Misty Falls are excluded from coverage under one or both policies. For the reasons set forth below, the court finds that the clear language of the policies at issue demonstrates that Salters and Byrd are not insureds under either the CGL policy or the CA policy, and that Mr. and Mrs. Falls' claims are specifically excluded from coverage.

## A. CHOICE OF LAW.

Defendants Salter and Byrd contend that North Carolina law controls the interpretation of the policies at issue. (Salters and Byrd's Mem. in Opp. to Mot. for Summ. J. at 4.) The court agrees.

Because this court sits in Alabama and its jurisdiction to decide the plaintiff's claims is based on diversity subject-matter jurisdiction, Alabama's choice-of-law rules apply. *Benchmark Medical Holdings, Inc. v. Rehab Solutions, L.L.C.*, 307 F. Supp. 2d 1249, 1258-59 (M.D. Ala. 2004)(citing *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 135 F.3d 750, 752 (11th Cir. 1998)("Federal courts sitting in diversity apply the forum state's choice-of-law rules.")). "In a contractual dispute, Alabama law would have [the court] first look to the contract to determine whether the parties have specified a particular sovereign's law to govern." *Stovall v. Universal Const. Co., Inc.*, No. 1021938, 1021953, 2004 WL 1233970, *9 (Ala. Jun. 4, 2004)(citing *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala. 1991)). The insurance policies at issue in this case do not contain a choice-of-law provision. "Lacking such a contractual specification, [Alabama law compels the court to] follow the principle of *lex loci contractus*, applying the law of the state where the contract was formed." *Id.* (citing *Brown*, 582 So.2d at 506). The policies at issue were "formed" in North Carolina. (*See* doc. 21, Ex. 1 at 1 (indicating that the "named insured" and the selling agent were located in North Carolina); Ex. 2 at 1 (same).) Therefore, the court finds that the law of North Carolina applies to the interpretation of the policies at issue.

8

## B. NORTH CAROLINA RULES OF CONSTRUCTION

In North Carolina, "the most fundamental rule [of construction] is that the language of the policy controls." *Southern Fire & Cas. Co. v. Kirby's Garage, Inc.*, 590 S.E.2d 1, 3 (N.C. App. 2004)(quoting *Nationwide Mut. Ins. Co. v. Mabe*, 444 S.E.2d 664, 667 (N.C. App. 1994), *aff'd*, 467 S.E.2d 34 (N.C. 1996)). "[I]f a contract of insurance is not ambiguous, 'the court must enforce the policy as written and may not reconstruct it under the guise of interpreting an ambiguous provision.'" *Id.* (quoting *Ledford v. Nationwide Mut. Ins. Co.*, 453 S.E.2d 866, 869 (1995)).

Also, pursuant to North Carolina law, "Exclusionary clauses are not favored and must be narrowly construed. The court, however, must interpret the policy as written and may not disregard the plain meaning of the policy's language." *North Carolina Farm Bureau Mut. Ins. Co. v. Fowler ex rel. Rudisill*, 589 S.E.2d 911, 913 (N.C. App. 2004)(quoting *Western World Ins. Co. v. Carrington*, 369 S.E.2d 128, 130 (N.C. App.1988)).

## C. CGL POLICY

The CGL policy at issue clearly and unambiguously excludes coverage for co-employee injury. However, defendants contend that the term "co-employee" as used in the policy is "ambiguous because it could mean (1) any employee of the named insured, Industrial Battery, including employees in both the horizontal and vertical organization levels with [Ricky] Falls; or (2) employees within [Ricky] Falls' horizontal level of duties (thus omitting supervisory and managerial employees, such as Salters and Byrd." (Salters and Byrd's Mem. in Opp. to Mot. for Summ. J. at 6.)

Under the terms of the CGL policy, Industrial Battery – the employer of Ricky Falls, Salter and Byrd – is the "named insured." (Doc. 21, Ex. 1 at 1.) The policy also states, "Throughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy." (*Id.* at 17.) In the section of the policy entitled "Who Is An Insured," the policy defines five classes of insureds:

1. The name insured, which is Industrial Battery;

2. Executive officers, which the policies defines as "a person holding any of the officer positions created by [Industrial Battery's] charter, constitution, by-laws or any other similar governing document,"[4] with respect to their duties as executive officers;

3. Directors with respect to their duties as directors;

4. Stockholders with respect to their liability as stockholders; and

5. Employees acting within the line and scope of their employment, *but* such employees are *not* insureds for claims of bodily injury to themselves or injury to another employee incurred while the co-employee was also acting within the line and scope of his employment.

(*See id.* at 23.) Thus, the court finds that the plain meaning of language in the CGL policy is that employees, who are not executive officers, directors, or shareholders, are "insureds" for acts undertaken in the line and scope of their employment with Industrial Battery *except* when the underlying claim is for their own bodily injuries or the bodily injuries of another Industrial Battery employee injured while working in the line and scope of his employment.

---

[4](Doc. 21, Ex. 1 at 27.)

As is apparent from the plain language of the CGL policy, employees of Industrial Battery are not "insureds" for actions against them based on acts undertaken within the scope of their employment with Industrial Battery that cause bodily injury to themselves or *another* Industrial Battery employee. Therefore, the court finds that Salter and Byrd, who are employees of Industrial Battery, are not insureds under the policy for Mr. and Mrs. Falls's claims based on bodily injuries suffered by Ricky Falls while he was working within the line and scope of his employment with Industrial Battery.

Therefore, pursuant to the unambiguous terms of the CGL policy, plaintiff has no duty to defend Salters or Byrd in the underlying lawsuit, and it has no duty to pay any judgment that may be rendered against them and in favor of Mr. and Mrs. Falls.

The court also finds that the CGL policy specifically excludes from coverage Ricky Falls's bodily injury claims and Misty's derivative claims. The policy unambiguously states that it does not apply to claims for "bodily injury to an employee of the insured arising out of and in the course of employment by the insured," or to the spouse of the employee that has been so injured. (Doc. 21, Ex. 1 at 18 (internal quotations omitted).) Ricky Falls admits that he was injured while acting in the line and scope of his employment with Industrial Battery, the named insured. (Doc. 21, Ex. 3 ¶¶ 8-9.) Therefore, the court finds that his claims for bodily injury, as well as those of Misty, his spouse, are excluded from coverage by the plain language of the policy.

### D. THE CA POLICY

The CA policy states that Industrial Battery is the named insured. (*See* doc. 21, Ex.

11

2 at 1.) Also, "[a]nyone else while using . . . a covered 'auto'" is an insured under the terms of the CA policy. (*Id.* at 10.) Applying these definitions to the undisputed facts of this case, the court finds that Industrial Battery and Ricky Falls were insureds under the CA policy at the time of the accident. Salters and Byrd were not "using" a covered automobile during the accident, therefore, they are not "insureds" under the CA policy for Ricky Falls's accident.

The policy at issue provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' . . . to which this insurance applies . . . . (*Id.*) Because Salters and Byrd are not insureds under the CA policy, plaintiff has no duty to defend them in the underlying lawsuit or pay any amount recovered by Mr. and Mrs. Falls in the underlying lawsuit.

Also, the CA policy specifically excludes Mr. and Mrs. Falls's claims; it states:

**B. Exclusions**

This insurance does not apply to any of the following

. . .

**4. Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:

    (1) Employment by the "insured"; or

    (2) Performing the duties related to the conduct of the "insured's" business; or

b. The spouse . . . of that "employee" as a consequence of Paragraph a. above.

(Doc. 21, Ex. 2 at 11.)

Because Ricky concedes that his alleged bodily injuries happened while he was performing his job as a driver for Industrial Battery, (doc. 21, Ex. 3 ¶¶ 8-9), his claims and those of his spouse are excluded by the unambiguous terms of the CA policy. Therefore, plaintiff has no obligation to pay any sums that may be awarded Ricky and Misty in the underlying lawsuit pursuant to the terms of the CA policy.

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and that plaintiff is entitled to judgment as a matter of law. An order granting plaintiff's motion for summary judgment, and declaring the fact that no coverage is available to defendants under the policies at issue will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 13th day of September, 2004.

*Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge